IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DANIEL E. HEDRICK,                                                    CV 03-1179 AS

        Petitioner,                                         FINDINGS AND
                                                                      RECOMMENDATION

        v.

GUY HALL, Superintendent, Two
Rivers Correctional Institution,

        Respondent.

        ASHMANSKAS, Magistrate Judge:

PROCEDURAL BACKGROUND

        Petitioner, an inmate in the custody of the Oregon Department of Corrections, brought an

action *pro se* in August 2003, *Hedrick v. Santos,* Civ. No. 03-101-BR (Aug. 12, 2003)(*Hedrick

I*), attacking his 1990 state conviction for First Degree Rape and Second Degree Kidnapping.

Petitioner alleged that the state court judge who presided over his sentencing had not filed the

correct oath of office with the Oregon Secretary of State, thereby voiding the state judgment.

Judge Brown found that although petitioner had used the label "writ of habeas corpus," the

petition had been mislabeled.  *Hedrick v. Santos,* Civ. No. 03-101-BR, Order at 2 (Aug. 12,

2003)("[P]etitioner has captioned his cause of action as a petition for a writ of habeas corpus;

1 - FINDINGS AND RECOMMENDATION

however, the relief he requests in the petition is the writ of quo warranto.").

Petitioner filed this action for habeas corpus on August 29, 2003, asserting, among other allegations, that his sentence enhancement as a dangerous offender was not tried to a jury and that he did not receive effective assistance of counsel. Judge Haggerty has determined that the issue in *Hendrick I* did not involve a habeas corpus petition that bars the current petition as successive under 28 U.S.C. § 2244(b)(3)(A). *Hedrick v. Hall,* Civ. No. 03-1179-AS, Order at 4 (Mar. 11, 2004). By Order dated April 6, 2004, counsel was appointed to represent Petitioner in this action. Counsel's motion to withdraw was granted on August 1, 2005. By letter dated July 30, 2005, Petitioner requests appointment of new counsel. Because the briefing in this matter is complete, and no oral argument is scheduled, Petitioner will not be harmed by lack of counsel, and his request is denied.

## FACTUAL BACKGROUND

Petitioner was convicted in Marion County Circuit Court pursuant to an Amended Judgement, dated July 30, 1991, *nunc pro tunc* July 11, 1990, after convictions for Rape in the First Degree and Kidnapping in the Second Degree. Petitioner was found to be a dangerous offender and sentenced to an indeterminate period of time, the maximum of which is 30 years imprisonment. (Resp. Ex. 101). Petitioner directly appealed his Marion County convictions, but the Oregon Court of Appeals affirmed without opinion. *State v. Hedrick,* 108 Or.App. 195 (1991). Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on September 16, 1991. (Resp. Ex. 102).

On June 1, 1991, petitioner filed a petition for post-conviction relief in Umatilla County Circuit Court, Case No. CV920506. The court dismissed it on the State's motion. Petitioner

2 - FINDINGS AND RECOMMENDATION

filed a notice of appeal, but the Oregon Court of Appeals dismissed it for petitioner's failure

timely to file his brief.  The appellate judgment issued on April 27, 1993.  (Resp. Ex. 103-04).

On January 4, 1996, petitioner filed a petition for writ of habeas corpus in this court, Cv.

No. 96-CV-00020-ST, but voluntarily moved to dismiss the petition after respondent filed his

answer and memorandum.  The petition was dismissed without prejudice on February 19, 1997.

(Resp. Ex. 105).

On June 26, 1997, petitioner filed a petition for post-conviction relief in Marion County

Circuit Court Case No. 97C12247.  The court dismissed it on the State's motion.  (Resp. Ex.

106).  Petitioner filed a notice of appeal, but the Oregon Court of Appeals dismissed it for

petitioner's failure timely to file his brief, and the appellate judgment issued on October 16,

2001.

On October 17, 2000, petitioner filed a petition for post-conviction relief in Malheur

County Circuit Court, Case No. 0010625M.  Venue was changed to Umatilla County, and the

court dismissed it on the State's motion.  (Resp. Ex. 109-10).  The Oregon Court of Appeals

granted the State's motion for summary affirmance and the Oregon Supreme Court denied

review.  Appellate judgment issued on September 22, 2003.  (Resp. Ex. 111-12).

This petition for habeas corpus was filed on August 29, 2003.

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-

year statute of limitation for filing a petition for writ of habeas corpus.  It provides that an

application for a writ of habeas corpus must be filed within one year of  "the date on which the

[state court] judgment became final by the conclusion of direct review of the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit has found that the AEDPA's limitations period does not begin to run against any state prisoner before the date of AEDPA's enactment. Accordingly, a prisoner with a state conviction finalized before April 24, 1996, such as petitioner, had until April 23, 1997, to file a federal habeas petition. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999).

Petitioner concedes that he did not file his petition within the statute of limitations. He requests an evidentiary hearing to demonstrate grounds for equitable tolling of the statute.

Equitable tolling of the AEDPA's limitations period is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler),*128 F.3d 1283, 1288 (9th Cir. 1997)(internal quotation marks omitted), overruled on other grounds, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998)(*en banc*). When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate. *Calderon (Kelly),* 163 F.3d at 541; *Calderon (Beeler),* 128 F.3d at 1288-89. The *Calderon (Kelly)* court found that the statute of limitations should be equitably tolled because the district court had stayed all proceedings in the case pending determination of the petitioner's mental capacity to proceed. The Ninth Circuit noted that Kelly's alleged mental incompetency "also justifies equitable tolling, at least until a reasonable period of time has elapsed after the district court makes a competency determination." *Id.* Finally, the *Calderon (Kelly)* court noted that the petitioner had filed a timely habeas petition which was mistakenly dismissed through no fault of the petitioner. *Calderon (Kelly)*, 163 F.3d at 542.

4 - FINDINGS AND RECOMMENDATION

In *Calderon (Beeler),* the Ninth Circuit affirmed the district court's equitable tolling of

the statute because the petitioner's lead counsel had withdrawn after accepting employment in

another state and left behind an unusable work product for replacement counsel. *Calderon*

*(Beeler),* 128 F.3d at 1288-89. The court determined that this was an event over which Beeler

had no control. *Id.*

The Ninth Circuit found that an equitable tolling of the statute of limitations was

appropriate in *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). The *Miles* petitioner, an

incarcerated *pro se* litigant, needed to file his petition no later than April 23, 1997. He submitted

his completed petition and *in forma pauperis* declaration to state prison authorities on April 18,

1997, with instruction to mail his materials to the district court and to enclose a check drawn

from his prison trust account for the requisite $5.00 filing fee. On April 23, 1997, the one-year

statute of limitations for Miles' petition under AEDPA expired. At that time, the prison

authorities had neither issued the check nor sent Miles' materials to the district court. The $5.00

was debited from Miles' prison account on April 30, 1997. Prison authorities returned the

petition and check to Miles on an unspecified date. On June 3, 1997, Miles resubmitted his

petition and filing fee to prison authorities for mailing. The petition for habeas corpus was

stamped as "Lodged" with the district court on June 3, 1997.

The court found that the petitioner "depended on prison authorities to draw on his trust

account and to prepare a check for the filing fee. He further relied on these same authorities to

mail his check and petition to the district court. Once Miles made his request, any delay on the

part of prison officials in complying with Miles' instructions was not within Miles' control."

*Miles,* 187 F.3d at 1107. The court noted that Miles had exercised due diligence in preparing

and submitting his petition to prison authorities. *Id.* Accordingly, the district court's order

dismissing Miles' petition as untimely was reversed.

The Ninth Circuit has held that remand was required for determination of whether there

was an "impediment" to timely filing of a petition and whether there were grounds for equitable

tolling when a petitioner stated that the law library of the prison in which he was incarcerated did

not have legal materials describing the AEDPA until June 1998. *Whalem/Hunt v. Early,* 233

F.3d 1146 (9th Cir. 2000)(per curiam). Petitioner's statute of limitation ran on July 23, 1997, and

he filed a *pro se* petition in federal district court on October 28, 1998. The magistrate judge

found that the failure of the prison officials to stock legal materials containing the amended

statute, if true, did not constitute an impediment to the petitioner's filing. The judge noted that

the underlying claims asserted by the petitioner were the same claims raised and briefed by the

petitioner in his state court petition filed in December 1997. The district court found the claim

time- barred, but the Ninth Circuit reversed, stating:

> We do not agree with the district court that there are no circumstances
> consistent with petitioner's petition and declaration under which he
> would be entitled to a finding of an "impediment" under § 2244(d)(1)(B)
> or to equitable tolling. We therefore reverse the district court's dismissal
> of the petition. On the present record, however, we cannot go farther.
> The district court gave petitioner no opportunity to amend his petition or
> expand his declaration; respondent was not asked to respond to petitioner's
> declaration; and the district court held no evidentiary hearing. Because
> determinations of whether there was an "impediment" under § 2244(d)
> (1)(B) and whether there are grounds for equitable tolling are highly
> fact-dependent, and because the district court is in a better position to
> develop the facts and assess their legal significance in the first instance,
> we believe the best course is to remand to the district court for appropriate
> development of the record. *Whalem/Hunt,* 233 F.3d at 1148.

## DISCUSSION

Petitioner contends that he was unaware of the statute of limitations, and states in his

affidavit that he is "not competent to deal with the legal issues in my case which I find confusing and complicated." (Pet. Affidavit, 8/26/03, p.1, ¶ 6). In addition, petitioner claims that he is actually innocent of the crimes for which he was convicted, and submits a March 12, 1999, letter, unsigned, apparently to the state court trial judge, in which petitioner asserts that he was "wrongly convicted." (Reply, Ex. A).

Neither the Supreme Court nor the Ninth Circuit Court of Appeals has decided whether the limitation period of § 2244 may be overridden by a showing of actual innocence. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002). To show actual innocence, a petitioner must establish that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlulp v. Delo,* 513 U.S. 298, 316 (1995)). To be credible, an actual innocence claim must be supported by "new reliable evidence...that was not presented at trial." *Schlup,* 513 U.S. at 324.

28 U.S.C. § 2254(e)(2) specifies that if a federal habeas petitioner "failed to develop the factual basis of a claim" in State court, the federal court shall not hold an evidentiary hearing so that the petitioner may further develop the claim unless the petitioner shows that the claim relies on (l) a new and retroactive rule of constitutional law, or (2) " a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254 (e)(2)(A)(i)-(ii).

Petitioner has not presented the type of new, reliable evidence necessary to establish his claim of actual innocence. His protestation of innocence is not sufficient to establish that it was more likely than not that no reasonable juror would have found him guilty beyond a reasonable

doubt.  Petitioner's two documents do not establish a basis for a hearing.  Accordingly, assuming without deciding that actual innocence could override the one-year statute of limitations, Petitioner cannot prevail and his petition for writ of habeas corpus should be dismissed as untimely.

In addition, Petitioner has offered no evidence of extraordinary circumstances beyond his control.  There is no evidence of external forces that prevented him from filing his petition on time.  Petitioner's request for an evidentiary hearing should be denied.

## RECOMMENDATION

Based upon the foregoing, I recommend that the Petition for Writ of Habeas Corpus be denied as untimely, and that a judgment of dismissal be entered.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due October 4, 2005.  If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

Dated this 20th day of September, 2005.


   /s/ Donald C. Ashmanskas
   Donald C. Ashmanskas
   United States Magistrate Judge